# Exhibit I



# PROVING ANTITRUST DAMAGES

## Legal and Economic Issues

Antitrust Damages Project Committee
William H. Page
*General Editor*

Guri Ademi
Aton Arbisser
Roger D. Blair, *Economics Editor*
Barry M. Block
Mark L. Callister
Amanda K. Esquibel
Harry G. Holz, *Robinson-Patman Editor*
Ann I. Jones
Gary L. Kaplan
Howard P. Kitt
James Langenfeld
John E. Lopatka
Philip B. Nelson
John R. Page
Bernard Pump
Mark Erich Weber

**Section of Antitrust Law
American Bar Association**

The materials contained herein represent the opinions of the authors and editors and should not be construed to be the action of either the American Bar Association or the Section of Antitrust Law unless adopted pursuant to the bylaws of the Association.

Nothing contained in this book is to be considered as the rendering of legal advice for specific cases, and readers are responsible for obtaining such advice from their own legal counsel. This book and any forms and agreements herein are intended for educational and informational purposes only.

© 1996 American Bar Association. All rights reserved.
Printed in the United States of America.

Library of Congress Catalog Card Number 95-80580
ISBN: 1-57073-236-1

Discounts are available for books ordered in bulk. Special consideration is given to state bars, CLE programs, and other bar-related organizations. Inquire at Publications Planning & Marketing, American Bar Association, 750 North Lake Shore Drive, Chicago, Illinois 60611.

99 98 97 96     5 4 3 2 1

the analysis above, even if not on the rationale the court offers, allowing recovery by those who prove a curtailment of their regular purchases could result in excessive liability if overcharge damages are measured in the conventional way.

Because there is no practical way to measure theoretically-accurate damages for the quantity not sold,[71] the choice appears to be either to permit excessive recovery or to impose inadequate liability. This choice, however, assumes that the damage multiple simply reflects the probability of liability being incurred. If the probability is in fact greater than 33 percent, then three times the overcharge on the quantity sold may be an accurate measure of the optimal penalty. If, on the other hand, the probability is equal to or less than 33 percent, then excluding damages for the quantity not sold will result in inadequate deterrence, and permitting recovery of these damages may not be excessive. The resolution of this issue is indeterminate.

### B. Vertical Price Fixing

Vertical price fixing cases are likely to be brought either by a direct purchaser from a party to the agreement, usually a customer of a firm at the lowest level of the vertical conspiracy, or by a firm in the distribution chain who accedes involuntarily to the illegal restriction or refuses to accede and is cut off as a result. In either category of cases, assessing potential measures of damages requires an analysis of the explanation for the restraint, bearing in mind that distribution restrictions in theory can serve either to enhance efficiency or to facilitate supra-competitive pricing. In general, customer plaintiffs may suffer compensable injury that can be calculated with acceptable precision; plaintiffs who are present or excluded participants in the restraint are less likely to be able to prove damages.

Vertical price fixing can be associated with supra-competitive prices if the scheme serves to facilitate a dealers' cartel or a suppliers' cartel.[72]

---

[71] *But see* Melanie W. Havens, Michael F. Koehn & Michael A. Williams, *Consumer Welfare Loss: The Unawarded Damages in Antitrust Suits*, 15 U. DAYTON L. REV. 457, 462-63 (1990) (arguing that calculating deadweight loss typically would be easy).

[72] *See, e.g.*, Business Electronics Corp. v. Sharp Elecs. Corp., 485 U.S. 717 (1988); RICHARD A. POSNER & FRANK H. EASTERBROOK, ANTITRUST: