USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/15/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SANOFI-SYNTHELABO;                                     :
SANOFI-SYNTHELABO, INC.; and                           :
BRISTOL-MYERS SQUIBB SANOFI                            :          02 Civ. 2255 (SHS)
PHARMACEUTICALS                                        :
HOLDING PARTNERSHIP,                                  :          OPINION & ORDER
                                                       :
                        Plaintiffs,                    :
                                                       :
            -against-                                  :
                                                       :
APOTEX INC.; and APOTEX CORP.,                         :
                                                       :
                        Defendants.                    :
-------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

Defendants Apotex Inc. and Apotex Corp. (collectively, "Apotex") seek to stay this action pending the conclusion of the ex parte reexamination of U.S. Patent No. 4,847,265 (the "'265 patent"), by the United States Patent and Trademark Office ("PTO"), and any appeal of that reexamination. Because the requested stay will not simplify the one remaining issue in this action and because granting a stay at this late stage would prejudice Sanofi, Apotex's motion is denied.

## I.      Background

On March 21, 2002, plaintiffs Sanofi-Synthelabo, Sanofi-Synthelabo, Inc., and Bristol-Myers Squibb Sanofi Pharmaceuticals Holding Partnership (collectively, "Sanofi") filed this patent infringement suit against Apotex. The history of this litigation is recounted in the opinion dated August 31, 2006 that granted Sanofi's motion for a preliminary injunction, with which the Court assumes familiarity. *See Sanofi-Synthelabo v. Apotex Inc.*, 488 F. Supp. 2d 317 (S.D.N.Y.

2006), *aff'd* 470 F.3d 1368 (Fed. Cir. 2006); *see also Sanofi-Synthelabo v. Apotex, Inc.*, 492 F. Supp. 2d 353 (S.D.N.Y. 2007), *aff'd* 550 F.3d 1075 (Fed. Cir. 2008).

Of particular relevance to this motion, the PTO recently concluded an ex parte reexamination of the '265 patent in which it found all claims patentable. (*See* Notice of Intent to Issue Ex Parte Reexamination Certificate dated March 26, 2010 ("March 26, 2010 Notice"), Attached to Letter from Robert L. Baechtold to Judge Sidney Stein dated March 30, 2010.) Less than ten days ago, Apotex filed a second request for reexamination of the '265 patent and has renewed its request for a stay of this action in light of that nascent proceeding. (*See* Letter from Mona Gupta to Judge Sidney Stein dated April 6, 2010.)

**II.     Analysis**

District courts have inherent power to stay proceedings pending the conclusion of a PTO patent reexamination. *See, e.g., Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008); *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001). "In determining the appropriateness of the stay, three factors are to be considered: (1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party." *TouchTunes Music Corp. v. Rowe Intern. Corp.*, --- F. Supp. 2d ---, 2009 WL 4884164, at *8 (S.D.N.Y. Dec. 15, 2009). Each of these factors weighs against granting Apotex's request for a stay.

This Court conducted a trial on the merits of this patent infringement suit in 2007. It found the '265 patent valid, and the Federal Circuit affirmed that decision. *See Sanofi-Synthelabo v. Apotex, Inc.*, 492 F. Supp. 2d 353 (S.D.N.Y. 2007), *aff'd* 550 F.3d 1075 (Fed. Cir. 2008). Moreover, the PTO recently issued a notice of its intent to issue an ex parte reexamination certificate finding that the claims at issue in this litigation were patentable. (*See*

2

March 26, 2010 Notice.)  As the Court has noted on several previous occasions, all that remains in this action is an award of damages.  Thus, there are no issues in question that a stay would simplify.

Similarly, the extremely late stage of this protracted litigation weighs against a stay and in favor of the Court turning to the damages portion of the case.  Courts regularly deny motions to stay pending reexamination after they have conducted trials and upheld patents.  *See, e.g.*, *Viskase*, 261 F.3d at 1328; *NTP, Inc. v. Research In Motion, Ltd.*, 397 F. Supp. 2d 785, 787-88 (E.D. Va. 2005).  Thus, the late stage of this long-standing action weighs against granting a stay.

Finally, a stay would prejudice Sanofi, which has not yet recovered damages for Apotex's infringement of the '265 patent almost five years ago.  Reexaminations are often lengthy.  *See Robbins v. H.H. Brown Shoe Co., Inc.*, No. 08 Civ. 6885, 2009 WL 2170174, at *1 (S.D.N.Y. June 30, 2009) (noting that reexaminations can take "years" and finding resulting prejudice to the plaintiff from a stay pending reexamination).  Furthermore, the parties to this action have already litigated the validity of the '265 patent—including through multiple appeals—and the PTO also has found the claims at issue here to be patentable.  Thus, "granting a stay would present a clear tactical disadvantage to [the plaintiff, who] . . . has an interest in pursuing the finality of the . . . verdict. Staying the case now would allow [the defendant] to benefit from a second bite at invalidity, even though [it] had ample opportunity to present its invalidity case at trial."  *Orion IP, LLC v. Mercedes-Benz USA, LLC*, No. 05 Civ. 322, 2008 WL 5378040, at *8 (E.D. Tex. Dec. 22, 2008).

**III.    Conclusion**

Because the stay that Apotex seeks will not simplify the question of damages, which are the only issue remaining in this action, and because of the extremely late stage of the

3

proceedings and the resulting prejudice that Sanofi will suffer in the event of a stay, the motion

to stay this litigation pending the PTO's new reexamination of the '265 patent is denied.

Dated: New York, New York
      April 14, 2010

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.